Honorable Luther "Lu" Hardin State Senator 2505 West Second Court Russellville, AR 72801
Dear Senator Hardin:
You have requested an opinion regarding Act 82 of 1987, an amendment to the Arkansas Tax Procedure Act of 1979. Specifically your [you] wish to know:
 What records under Act 382 of 1987 are open for public inspection and available to legislative committees?
Under Act 382 what are the legal consequences of merely "asking for tax information" (shrinkage allowance, etc.) from the Revenue Department?
Would these legal consequences apply to a legislative sub-committee requesting information?
In answer to your first question, Section 29 of Act 382 amends Ark. Stat. Ann. 84-4706 (cum. supp. 1985) to read as follows:
 (a) The Commissioner (of Revenue) is the official custodian of all records and files required by any State tax law to be filed with the Commissioner and is required to take all steps necessary to maintain their confidentiality. Except as otherwise provided by this Act, the records and files of the commissioner concerning the administration of any State tax law are confidential and privileged. These records and files and any information obtained from these records or files or from any examination or inspection of the premises or property of any taxpayer shall not be divulged or disclosed by the Commissioner or any other person who may have obtained these records and files. It is the specific intent of the Act that all tax returns, audit reports and information pertaining to any tax returns, whether filed by individuals, corporations, partnerships or fiduciaries, shall not be subject to the provisions of Act 93 of 1967, as amended. (Parenthesis added to aid the reader)
Additionally, Section 30 of Act 382 amends Ark. Stat. Ann. 84-4706 (cum. supp. 1985) to read:
 (c) The provisions of this section shall be strictly interpreted and shall not permit any other disclosure of tax information concerning a taxpayer (whether the taxpayer is an individual, a corporation, a partnership, or a fiduciary) that is contained in the records and files of the Commissioner relating to income tax or any other State tax administered under this Act.
From the above-referenced language, it is clear that no tax record in the possession of the Commissioner of Revenue is available for inspection except as provided elsewhere.
Ark. Stat. Ann. 84-4706(b) does provide for the release of otherwise confidential information under nine (9) narrow sets of circumstances, none of which contemplate the release of information publicly without the express permission of the taxpayer or his agent. I have attached a copy of the statute in question for your review.
In response to your second question, Act 382 of 1987 makes no changes in the penalty provisions of Ark. Stat. Ann. Sec. 84-4706. It provides in pertinent part:
 (d) Any person who knowingly discloses information in violation of the provisions of this Section shall be guilty of a class A misdemeanor. An employee of the State who is convicted of violating the provisions of this Section shall be discharged from employment in addition to any fine or imprisonment.
 (e) Any person who knowingly obtains or attempts to obtain any of the confidential and privileged records of the Commissioner who is not so permitted by law is guilty of a class A misdemeanor.
 (f) The Commissioner shall report all violations of the Section to the appropriate Prosecuting Attorney in the State.
Section (e) of the above creates the offense of "obtaining or attempting to obtain" a privileged record. The law does not specifically define these terms for purposes of the section. The filing of charges against a person suspected of violating the statute is left to the appropriate Prosecuting Attorney.
A class A misdemeanor is punishable by a maximum fine of $1000 and a maximum of jail term of one (1) year.
In response to your final question, the same restrictions on obtaining privileged tax records are binding on members of the legislature, just as they are on members of the general public, unless covered by one of the exemptions from the privilege found in Ark. Stat. Ann. 84-4706(b).
In sum, all tax records in the possession of the Commissioner of Revenue are exempt from public disclosure unless provided for otherwise in Ark. Stat. Ann. 84-4706(b). Persons knowingly obtaining or attempting to obtain privileged tax records from the Commissioner are guilty of a class A misdemeanor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.